IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-00076-FL-1
NO. 5:12-CV-00632-FL

| | |
|---|---|
| ROBIN ANN BUNCH, | ) |
|     Petitioner, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

This cause comes before the Court upon the government's motion to dismiss (DE-59) petitioner Robin Ann Bunch's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence ("motion to vacate"). (DE-56). Bunch has responded to the motion to dismiss (DE-61), and accordingly, the motion to vacate and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), the motions are before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Bunch's motion to vacate (DE-56) be DENIED and that the motion to dismiss (DE-59) be GRANTED.

## I. BACKGROUND

On July 7, 2009, Bunch pled guilty pursuant to a written plea agreement to possession with the intent to distribute more than five grams of cocaine base (crack), in

1

violation of 21 U.S.C. § 841(a)(1). (DE-27, DE-28, DE-43). In the plea agreement, Bunch agreed to

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement 1, DE-27.

At the arraignment hearing, Bunch testified, *inter alia*, that she had discussed her case and the plea agreement with her trial counsel; that she understood the explanation of how she might be sentenced and the statutory maximum punishment; and that she understood the plea agreement in its entirety. Arraignment Hr'g Tr. 12-25, DE-43. After engaging Bunch in a lengthy colloquy, the presiding magistrate judge found that her guilty plea was knowing, voluntary, and supported by an independent factual basis. *Id.* 26:21-25, 27:1-5. On October 14, 2009, this Court sentenced Bunch to 120 months in prison, eight years of supervised release, and a $6,000 fine. (DE-32, DE-38).

Bunch appealed the judgment to the United States Court of Appeals for the Fourth Circuit, arguing that the district court abused its discretion in imposing the $6,000 fine. In a decision issued September 29, 2010, the Fourth Circuit determined that Bunch had knowingly and voluntarily waived her ability to challenge the fine per the appellate waiver provision of her plea agreement. (DE-45). The Supreme Court denied certiorari on

2

November 29, 2010. *See* United States v. Bunch, 395 F. App'x 996 (4th Cir.), *cert. denied*, 131 S. Ct. 678, 178 L. Ed. 2d 504 (2010).

On September 27, 2012, counsel for Bunch filed the instant motion to vacate. (DE-56). Her sole contention is that the district court erred in imposing the $6,000 fine. The government asserts that the motion to vacate is untimely and should be dismissed because Bunch did not file the petition within one year of her judgment becoming final.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or

3

arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

**B. 28 U.S.C. § 2255**

A petitioner asserting constitutional error pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

4

Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Equitable tolling applies to the statute of limitations in § 2255 proceedings. United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (citing Holland v. Florida, 560 U.S. __, 177 L. Ed. 2d 130 (2010)). However, the barrier to application of the remedy of equitable tolling is significant. The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Thus, "any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

With these legal precepts in mind, the undersigned considers Bunch's claims.

### III. ANALYSIS

Here, the motion to vacate is untimely. For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken or the time to file such an appeal expires. *See* Clay v. United States, 537 U.S. 522, 528 (2003). The Supreme Court denied Bunch's petition for writ of certiorari on November 29, 2010. Bunch therefore had until November 29, 2011 to file a § 2255 petition. Bunch did not file her motion to vacate until September 27, 2012, more than one year after her conviction was final. The motion to vacate is therefore untimely and should be dismissed.

Further, even if timely, Bunch's challenge to her fine is otherwise precluded from review. By virtue of the plea agreement she entered, Bunch waived the right to challenge her sentence or conviction on any grounds other than "ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Plea Agreement, 1, DE-27. The Fourth Circuit has held that a defendant can, through a plea agreement, waive appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, United States v. Poindexter, 492 F.3d 263, 267-268 (4th Cir. 2007); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). These waivers are valid and enforceable so long as they are knowing and voluntary. *See* United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); Lemaster, 403 F.3d at 220. Here, the Fourth Circuit rejected Bunch's challenge to her fine on direct appeal because "review of the record leads us to conclude that Bunch's waiver was knowing and voluntary and that her challenge to the fine falls within the scope of the waiver provision." Op. 3, DE-37. As such, Bunch's renewed challenge to her fine is precluded from review and should be

6

dismissed.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Bunch's motion to vacate (DE-56) be DENIED and that the government's motion to dismiss (DE-59) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, November 27, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE