IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-76-1-FL
No. 5:12-CV-632-FL

| | | |
|---|---|---|
| ROBIN ANN BUNCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court upon petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate") (DE 56), and the government's motion to dismiss the same (DE 59). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R")(DE 62) wherein it is recommended that the court deny petitioner's motion to vacate and grant the government's motion to dismiss. Petitioner filed objection to the M&R and the issues raised are ripe for ruling. For reasons given, the court ADOPTS the M&R in full.

**BACKGROUND**

On July 7, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to possession with the intent to distribute more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Pursuant to the plea agreement, petitioner agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting . . . [a] motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the [petitioner] at the time of [petitioner's] guilty plea." Plea

Agreement ¶ 2.c.

On October 14, 2009, petitioner was sentenced to 120 months imprisonment, eight years supervised release, and a Six Thousand Dollar ($6,000.00) fine. Petitioner appealed this sentence to the Fourth Circuit Court of Appeals, arguing that this court abused its discretion in imposing the fine. In an opinion issued September 29, 2010, the Fourth Circuit determined that petitioner had waived her right to appeal this fine pursuant to the appellate waiver in her plea agreement. The Supreme Court declined to grant a writ of *certiorari* on November 29, 2010.

On September 27, 2012, petitioner, through counsel, filed the instant motion to vacate, asserting that the district court erred in imposing the Six Thousand Dollar ($6,000.00) fine. The government filed a motion to dismiss petitioner's motion pursuant to Federal Rule of Civil Procedure 12(b)(6). The court referred the motions for M&R. It is recommended in the M&R that the court grant the government's motion to dismiss and deny petitioner's motion to vacate.

**COURT'S DISCUSSION**

A.  Standard of Review

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

2

(2007)).

In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

Petitioner contends that the court erred in imposing a Six Thousand Dollar ($6,000.00) fine as part of her sentence because she is indigent and totally and permanently disabled. The

government asserts that petitioner's motion must be dismissed where it was filed over one year after the date on which the judgment she attacks became final. As set forth in the M&R, petitioner's motion was both untimely filed and barred by her waiver of the right to challenge her sentence or conviction. Therefore, the motion will be dismissed.

28 U.S.C. § 2255(f) provides that motions made pursuant to that section are subject to a one-year statute of limitations.

> The limitation period shall run from the latest of--
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A "federal judgment becomes final when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if a petitioner does not seek certiorari, when the time for filing a certiorari petition expires." Gonzalez v. Thaler,132 S. Ct. 641, 653 (2012) (quotations omitted).

The judgment here at issue became final when the Supreme Court declined to grant petitioner a writ of *certiorari* on November 29, 2010. Thus, she had until November 29, 2011, to file her motion to vacate. Petitioner did not file the instant motion until September 27, 2012. It is therefore untimely.

Petitioner objects to this conclusion. She asserts that because she filed her motion within one year of the Supreme Court's decision in Southern Union Co. v. United States, 132 S.Ct. 2344

4

(2012), the motion is timely pursuant to 28 U.S.C. § 2255(f)(3).

In <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme Court held that the Sixth Amendment requires a jury to determine any fact, other than a prior conviction, that increases a criminal defendant's potential maximum sentence. In <u>Southern Union Co.</u>, the Court held that this principle "applies to sentences of criminal fines." <u>Id.</u> at 2348-49 (citations omitted). In this case, unlike in <u>Southern Union Co.</u>, the Six Thousand Dollar ($6,000.00) fine the court imposed was less than the statutory maximum. Thus, <u>Southern Union Co.</u> did not newly recognize a right asserted by petitioner. <u>See</u> <u>United States v. Day</u>, 700 F.3d 713, 732 (4th Cir. 2012) ("Thus, in *Southern Union* itself, the *Apprendi* issue was triggered by the fact that the district court imposed a fine in excess of the statutory maximum that applied in that case.").

Furthermore, in her plea agreement petitioner knowingly and voluntarility agreed to waive the right to attack her sentence on any grounds other than ineffective assistance of counsel or prosecutorial misconduct not known to her at the time of her guilty plea. Plea Agreement ¶ 2.c. "[A] criminal defendant may waive [her] right to attack [her] conviction and sentence collaterally, so long as the waiver is knowing and voluntary." <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005). Thus, petitioner's challenge to her sentence is also barred by her plea waiver.

C.  Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits

5

by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objections. Accordingly, the court ADOPTS the M&R as its own, and for the reasons stated therein, the court GRANTS government's motion to dismiss (DE 59). The court DISMISSES petitioner's motion to vacate (DE 56). Petitioner is DENIED a certificate of appealability. The clerk of court is DIRECTED to close this case.

6

SO ORDERED, this the 22nd day of October, 2013.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge